**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 16-20271-CIV-GAYLES/TURNOFF

MSPA CLAIMS 1, LLC,

      Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

      Defendant.

_____/

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand [ECF No. 13]. The Court has considered the Motion and the record, and is otherwise fully advised. For the reasons stated below, the Court grants the Motion to Remand. [1]

**<u>BACKGROUND</u>**

This action is one of many Plaintiff MSPA Claims 1, LLC ("Plaintiff"), as assignee of Florida Healthcare Plus ("FHCP"), has brought against several automobile insurance companies, including Defendant Liberty Mutual Fire Insurance Company ("Defendant"). In all of the actions, Plaintiff seeks to recover payments FHCP made to medical providers for treating its enrollees' injuries from automobile accidents. In each action, the injured enrollee was covered by both FHCP under a Medicare Advantage ("MA") Plan and by the various defendants under a no-fault insurance policy pursuant to Florida's personal injury protection ("PIP") law.[2]

---

[1]      The Court adopts Judge Scola's thorough analysis in *MSPA Claims 1, LLC v. Allstate Property and Casualty Insurance Company,* Case No. 16-cv-20443-RNS, ECF No. 49 (S.D. Fla. Jun. 29, 2016).

[2]      Pursuant to Part C of the Medicare Act, individuals may obtain Medicare coverage through privately-run MA plans. FHCP is a Medicare Advantage Organization and offers an MA Plan.

Pursuant to 42 U.S.C. § 1395y(b), when a no-fault insurance policy is expected to make a payment with respect to a Medicare enrollee's claim, Medicare is considered a secondary payer and the automobile insurance company is considered the primary payer.  Section 627.736(4) of Florida's PIP statute also provides that no-fault benefits are "primary."  Fla.Stat. § 627.736(4).  When a primary payer either is not expected to or does not make prompt payment, Medicare, as the secondary payer, may pay the claim, conditioned on reimbursement from the primary payer.  *See* 42 U.S.C. § 1395y(b)(2)(B).

Medicare Advantage Organizations ("MAOs"), such as FHCP, also have secondary payer status via 42 U.S.C. § 1395w-22(a)(4).  This provision also provides that the MAO may make conditional payments and later "charge . . .  the insurance carrier . . . under which such law, plan or policy is to pay for the provision of such services. . ." 42 U.S.C. § 1395w-22(a)(4).  In addition, 42 C.F.R. § 422.108, setting forth the procedures for Medicare Secondary Payers, provides that an MAO may bill any no-fault insurance carrier that is liable for payment for covered Medicare services incurred by an enrollee. 42 U.S.C. § 422.108(d).

In this action, Plaintiff seeks to recover conditional payments FHCP made on behalf of its enrollees who were injured in car accidents.  The enrollees were also covered under Defendant's no-fault policy.  Plaintiff alleges that Defendant, as the primary payer, is obligated to pay the $10,000 PIP policy limit for their enrollees' car accident injuries.  In its Original Complaint, filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Plaintiff set forth four claims: (1) Breach of Contract for Failure to Pay PIP Benefits (Direct Right of Recovery Pursuant to 42 C.F.R. § 411.24(e)), (2) Breach of Contract for Failure to Pay PIP Benefits (Conventional Subrogation), (3) Breach of Contract for Failure to Pay PIP Benefits (or in the Alternative, Equitable Subrogation), and (4) Breach of Contract for Failure to Pay PIP Benefits (Conventional Subrogation Arising from Third

Party Beneficiary Rights).[3]  For each count, Plaintiff alleges that "Defendant failed and/or refused to make complete payments of the No-Fault benefits as required by Section 627.736, Florida Statutes" and demands "the full amount due under the PIP policy, $10,000.00, and . . . double that amount, $20,000.00, from Defendant." [ECF No. 1-2].

On January 22, 2016, Defendant removed this action from state court asserting this Court has original and diversity jurisdiction.  Specifically, Defendant argued that Plaintiff's claims fall under the Medicare Act and/or that the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff has moved to remand.

## DISCUSSION

### Standard for Removal

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court.  *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state courts."  *Univ. of So. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Courts must strictly construe the requirements of removal jurisdiction and remand all cases in which jurisdiction is doubtful.  *See Shamrock Oil v. Sheets*, 313 U.S. 100, 108-109

---

3        Following removal, Plaintiff filed an Amended Complaint, but for purposes of the Motion to Remand, the Court considers the pleadings at the time of removal.

(1941).  The Court looks at the plaintiff's complaint at the time of removal to determine jurisdiction.

*See Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).  The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

There is, however, an independent corollary to the well-pleaded complaint rule.  Pursuant to the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacaction Tr. For So. Cal.*, 463 U.S. 1, 22 (1983).  Indeed, if a plaintiff pleads only state-law causes of action, he may not avoid federal jurisdiction if his state-law claims raise substantial questions of federal law or are completely preempted by federal law.  *See  Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (citing *Franchise Tx. Bd.*, 463 U.S. at 13).  Accordingly, federal question jurisdiction only exists when: (1) a federal claim is presented on the face of plaintiff's well-pleaded complaint, (2) plaintiff's state law claims turn on a substantial question of federal law, or (3) plaintiff's state law claims are completely preempted by federal law.  *See Dunlap*, 381 F.3d at 1290.  In making this determination, "federal question jurisdiction should be narrowly construed." *Madzimoyo v. The Bank of N.Y. Mellon Tr. Co.,* 440 Fed.App'x. 728, 730 (11th Cir. 2011).

## I. Federal Question Jurisdiction

### A.   There is No Federal Claim on the Face of the Complaint

In all four counts of the Complaint, Plaintiff alleges that Defendant failed to pay no-fault benefits as required by Florida Statute § 627.736 and demands the full amount due under the PIP policy.  On their face, these are state law claims.  Plaintiff relies on Part C of the Medicare Act to explain why FHCP made conditional payments on behalf of its enrollee.  This reference to a federal statute, without more, is insufficient to confer original jurisdiction.  *See Riley v. Fairbanks Capital Corp.*, 222 Fed.App'x 897 (11th Cir. 2007) (in action for breach of contract, fraud, negligence, and unjust enrichment, plaintiff's listing of some federal statutes did not constitute federal claims); *Pullen-Walker v. Roosevelt Univ.*, 405 F.App'x 46, 47-48 (7th Cir. 2010) (complaint for breach of contract which referenced Title IX was not removable).  As a result, removal on this ground was improper.

### B.  Plaintiff's Claims Do Not Turn on a Substantial Question of Federal Law

Defendant argues that Plaintiff's alleged right to reimbursement arises under the Medicare Act and that, therefore, Plaintiff's complaint presents a federal question.  The Court disagrees.  Where a plaintiff pleads only state-law claims, the Court must determine whether those claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Thompson*, 545 U.S. 308, 314 (2005).  The Supreme Court has held that only a "slim category" of cases will qualify for federal jurisdiction under the rule set forth in *Grable*.  *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).

5

Plaintiff alleges that its right to reimbursement is based on Florida Statute § 627.736. Plaintiff's only reference to the Medicare Act is to explain why it made conditional payments in the first place. In addition, even if a court had to interpret the Medicare Act to resolve Plaintiff's claims, removal would still be improper. A state law claim referencing federal law only confers federal question jurisdiction if it raises a substantial and disputed issue relating to federal law. *See Grable,* 545 U.S. at 314. This is not such a case. A court can decide whether Defendant must reimburse Plaintiff pursuant to Florida Statute § 627.736 without resolving any disputed issue under the Medicare Act. While Plaintiff's reference to the Medicare Act might explain the posture of the parties, "the mere need to apply federal law in a state-law claim" is not enough to open the "arising under [federal law] door." *Id.* at 313.

Defendant also argues that because MAOs have a private right of action under 42 U.S.C. 1395y(b)(3)(A), Plaintiff's claims arise under federal law. The Court disagrees. Plaintiff is the master if its own claims and, therefore, may choose to plead a state law claim and avoid all federal claims it might have. *Caterpillar*, 482 U.S. at 392. Plaintiff might have a private right of action under the Medicare Act, but this does not mean Plaintiff must pursue that claim. Indeed, nothing in the Medicare Act mandates that federal courts must make reimbursement determinations.

Finally, Defendant asserts that Plaintiff's request for double the PIP policy limits raises an issue of federal law because the Medicare Act provides for double damages. Again, the Court disagrees. In the Original Complaint, Plaintiff states that it is only seeking the "$10,000 PIP policy limit." [ECF No. 1-2]. Although Plaintiff later notes that it is entitled to double that amount, Plaintiff does not rely on the Medicare Act or any other federal statute to support its entitlement to double damages. Indeed, Plaintiff relies solely on Florida PIP law for damages. As Judge Scola held: "[w]hether MSPA can establish its entitlement to double damages in the state forum, however,

is a question for the state court – MSPA's remedy request alone cannot by itself raise federal question jurisdiction." *MSPA Claims 1, LLC v. Allstate Property and Casualty Insurance Company,* Case No. 16-cv-20443-RNS, ECF No. 49 at p. 8 (S.D. Fla. Jun. 29, 2016). Accordingly, the Court finds Defendant has not established that Plaintiff's state law claims raise a disputed or substantial federal issue. Accordingly, removal on this ground was improper.[4]

### C.     Plaintiff's Claims are not Completely Preempted by Federal Law

Removal is also permitted where federal law completely preempts a state-law claim. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). "Once an area of state law has been completely pre-empted, any claim purportedly based on that preempted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393. Complete preemption, however, "must be manifest in the clearly expressed intent of Congress." *Geddes v. American Airlines, Inc.*, 321 F.3d 1349, 1353 (11th Cir. 2003).

Defendant fails to establish that the federal law in question, 42 U.S.C. 1395w-26(b)(3), completely preempts Plaintiff's state law claims. Nothing in the legislative history suggests that "Congress intended that the [Medicare Act] would provide an 'exclusive cause of action' to redress rights, such as those underlying Plaintiffs' state common-law claims, or that Congress intended that state-law claims falling within 1395w-26(b)(3)'s scope would be regarded as arising under the laws of the United States." *Harris v. Pacificare Life & Health Ins. Co*., 514 F.Supp.2d 1280, 1294 (M.D. Ala. 2007) (holding that the Medicare Act did not completely preempt a state law claim for fraud). Indeed, this Court and other district courts in the Eleventh Circuit have held that 1395w-26(b)(3) does not preempt state law claims. *See   MSPA*, Case No. 16-cv-20443-RNS at ECF No. 49 ("Allstate's reliance on §1395w-26(b)(3) as a basis for complete preemption is unfounded.") (citing

---

4       The Court also notes that Plaintiff disavowed its request for double damages in the Motion to Remand. *See*

7

*Main & Associates, Inc. v. Blue Cross and Blue Shield of Ala.*, 776 F. Supp. 2d 1270, 1282 (M.D. Ala. 2011); *Williams v. Viva Health Inc*., No. 07-cv-321-WKW, 2008 WL 220799, at *2 (M.D. Ala. Jan. 25, 2008); *Lassiter v. Pacificare Life & Health Ins. Co.*, No. 07-cv-583-MEF, 2007 WL 4404051, at *3 (M.D. Ala. Dec. 13, 2007); *Bolden v. Healthspring of Ala. Inc.*, No. 07-0413-CG-B, 2007 WL 4403588, at *10 (S.D. Ala. Oct. 2, 2007)).   As the Ninth Circuit detailed in declining to exercise jurisdiction over an MAO's state law claim, "[c]omplete preemption is plainly not applicable here – Medicare contains no civil enforcement scheme, and Congress has not indicated any intent to permit removal of all disputes over insurance proceeds to federal courts." *Parra v. Pacificare of Arizona, Inc.*, 715 F.3d 1146, 1155 (9th Cir. 2013).   This Court agrees and finds that Plaintiff's state law claims are not completely preempted by federal law.   Therefore, this Court does not have federal question jurisdiction over this action and removal was improper.

## II. Diversity Jurisdiction

In its Notice of Removal, Defendant indicates that it removed this case based on both federal question and diversity jurisdiction.   Defendant appears to concede that diversity jurisdiction is lacking.   Plaintiff filed this action as a purported class action.   Defendant, in its response to the motion to remand, correctly states that if the attorney's fees are attributed pro rata among all potential class members, as is required by *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1274 (11th Cir. 2000), "the amount in controversy likely would not be met."  [ECF No. 17].   As a result, the Court finds that Defendant has not met its burden in establishing that the amount in controversy exceeds $75,000, and removal was improper on diversity jurisdiction grounds.

---

[ECF No. 13 at  n. 2].

### III.   Attorney's Fees

The Court finds an award of fees with respect to the Motion to Remand is not appropriate. Although 28 U.S.C. §1447(c) permits an award of fees, such an award is entirely within the Court's discretion. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).   The Court finds that Defendant's removal was not objectively unreasonable.   Accordingly, Plaintiff's request for fees is denied.

**CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand is **GRANTED**.  This action is remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes and all pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of July, 2016.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE